IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIMOTHY TOSHIRO FLASIK, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:17-CV-634-O | |
| § | (Consolidated with Nos. 4:17-CV- | |
| § | 636-O, 4:17-CV-637-O, 4:17-CV- | |
| LORIE DAVIS, Director, § | 638-O, 4:17-CV-639-O, and 4:17- | |
| Texas Department of Criminal § | CV-640-O) | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
| Respondent. § | | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Timothy Toshiro Flasik, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

In 2014, upon a complaint, a criminal investigation was initiated by the Hurst and Bedford Police Departments regarding allegations of improper sexual relationships between Petitioner and several of his students at the junior highschool where he was employed as a teacher. Petitioner was subsequently indicted in Tarrant County, Texas, Case Nos. 1382461D, 1382462D, 1392096D, 1399863D, 1399864D, and 1399867D, on one count of delivery of a controlled substance, marihuana, to a minor, two counts of sexual assault of a child under 17 years of age, and three counts of employing, authorizing, or inducing a child younger than 18 years of age for sexual performance. On July 10, 2015, Petitioner entered open pleas of guilty to the trial court and preparation of a

presentence investigation report was ordered. However, on October 9, 2015, prior to the sentencing hearing, Petitioner decided to accept the state's 15-year plea offer in each case and was sentenced accordingly, the sentences to run concurrently. SHR01 183, ECF No. 17-4; SHR02 203, ECF No. 17-10; SHR03 200, ECF No. 17-16; SHR04 205, ECF No. 17-22; SHR05 204, ECF No. 17-28; SHR06 204, ECF No. 17-34.[1] Petitioner did not appeal his convictions but filed two sets of state habeas-corpus applications attacking the convictions. The first six were denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. The second six were dismissed as subsequent applications under Texas Code of Criminal Procedure article 11.07, § 4. Petition then filed six federal habeas-corpus petitions, which have been consolidated in the instant action.

## II. ISSUES

Petitioner raises multiple grounds involving the voluntariness of his guilty pleas and the effectiveness of his trial counsel's representation.

## III. RULE 5 STATEMENT

Respondent believes that Petitioner has exhausted his state-court remedies as to the claims presented and that the petition is not time-barred or subject to the successive-petition bar. Resp't's Ans. 5, ECF No. 16.

## IV. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act,

---

[1]"SHR01" through "SHR06" refer to the court record of Petitioner's state habeas proceedings in WR-86,602-01 through WR-86,602-06, respectively. When citing to the state-court record, the pagination in the ECF header is used.

a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). Additionally, the Act requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. It is the petitioner's burden to rebut the presumption of correctness through clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Finally, when the Texas Court of Criminal Appeals, the state's highest criminal court, refuses discretionary review or denies state habeas-corpus relief without written order, opinion, or explanation, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Singleton v. Johnson,* 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* — U.S. —, 138 S. Ct. 1188, 1191-92 (2018).

In this case, the state habeas court entered express findings of fact relevant to Petitioner's claims, which he has failed to rebut with clear and convincing evidence, and the Texas Court of Criminal Appeals adopted those findings. Under these circumstances, this Court must defer to the state courts' factual findings and, absent any indication to the contrary, may assume the Texas Court

of Criminal Appeals applied correct standards of federal law to the facts.

## V. DISCUSSION

### 1. Voluntariness of Petitioner's Pleas

In one or more grounds, Petitioner claims his guilty pleas were involuntary. By entering a voluntary and intelligent guilty plea, meaning that "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant," a criminal defendant waives a number of constitutional rights. *North Carolina v. Alford,* 400 U.S. 25, 31 (1970). A guilty plea is voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 749 (1970). A guilty plea is involuntary when induced by threats, coercion, deception, or misrepresentation. *See Daniel v. Cockrell,* 283 F.3d 697, 702-03 (5th Cir.), *cert. denied,* 537 U.S. 874 (2002), *overruled on other grounds by Glover v. United States,* 531 U.S. 198 (2001); *United States v. Amaya,* 111 F.3d 386, 389 (5th Cir. 1997). If a challenged guilty plea is voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *See United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).

Petitioner asserts that his guilty pleas were involuntary because they were coerced by the trial court's threat to stack his sentences if he proceeded to trial. Based on the record, his own recollection of the plea proceedings, including Petitioner's testimony and demeanor in court, the state habeas judge entered the following relevant factual findings on the issue:

> 36. [Petitioner] pled guilty to three second degree felony offenses of employing, authorizing, or inducing a child young[er] than 18 years of age for sexual performance; one second degree felony offense of delivery of a controlled

substance, namely: marihuana to a minor; and two second degree felony offenses of sexual assault of a child under 17 years of age on July 10, 2015.

37. [Petitioner] was advised that the trial judge could stack five of his sentences if convicted in his six cases.

38. [Petitioner] was sentenced to six concurrent fifteen year sentences because he chose to accept the State's plea agreement.

39. [Petitioner] was admonished that he had a right to proceed to the sentencing hearing if he wished.

40. [Petitioner] did not complain to this Court that he did not wish to accept the plea agreement.

41. This Court gave [Petitioner] several opportunities to voice any concerns regarding his plea.

42. There is no credible evidence that [Petitioner]'s plea was coerced by the trial judge.

SHR01 142-43, ECF No. 17-4 (record citations omitted).

Based on those findings and relevant state law, the habeas judge entered the following legal conclusions:

30. There is a presumption of regularity with respect to guilty pleas under Texas Code of Criminal Procedure art. 1.15.

31. Sentences for sex offenses against children may be concurrent or consecutive.

32. Five of [Petitioner]'s sentences could have been ordered consecutive after his punishment hearing on his open plea of guilty.

33. Five of [Petitioner]'s sentences could have been ordered consecutive if he was convicted at trial after a plea of not guilty.

34. The advice that [Petitioner]'s sentences could have been stacked by the trial court was proper.

35. [Petitioner] has failed to prove that his plea was coerced by the trial judge.

36. [Petitioner] has failed to overcome the presumption that his plea was regular.

37. [Petitioner]'s plea was freely, voluntarily, and knowingly made.

*Id.* at 147-48 (citations omitted).

Deferring to the state courts' factual findings, the state court's decision is not contrary to or an unreasonable application of relevant United States Supreme Court precedent and is reasonable given the evidence before the court. There is no credible evidence that Petitioner was coerced into pleading guilty by the trial judge's threat of stacked sentences. The threat was real and any such advice, threat, and/or admonishment given Petitioner was accurate. Petitioner's guilty pleas prevented this from occurring. Often a criminal defendant will agree to plead guilty to an offense, having been informed of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo, in order to avoid a potentially harsher sentence by a judge or jury. Such a decision on the part of a defendant does not render his plea(s) involuntary. *See North Carolina v. Alford,* 400 U.S. 25, 37 (1970); *Brady,* 397 U.S. at 749-50. This is a case in point.

Petitioner also claims that his guilty pleas were involuntary based on trial counsel's erroneous advice that "if he admitted guilt the trial court would be inclined to grant him probation." Pet'r's Reply Br. 9, ECF No. 22. However, nothing in the record reflects that counsel improperly counseled Petitioner regarding his eligibility and the likelihood of receiving probated sentences. On the contrary, Petitioner acknowledged in open court that, although he hoped for probation, counsel did not advise him that the judge would give probation. SHR01 157, ECF No. 17-4. Further, he signed the written plea admonishments indicating that no one had "threatened, coerced, forced, persuaded, or promised" him anything in exchange for his pleas. *Id.* at 196.

Finally, Petitioner claims that his guilty pleas were involuntary based upon counsel's erroneous advice that his good conduct time would be taken into consideration in determining when he had served one-half of his sentences. Based on the record, his own recollection of the plea proceedings, including Petitioner's testimony and demeanor in court, the state habeas judge entered the following relevant factual findings on the issue:

> 43. Counsel advised [Petitioner] as follows:
>
> And you understand these are aggravated offenses? They're called 3G offenses where *you have to serve a minimum of one-half of your sentence* before anyone even talks to you about parole; do you understand that?
>
> . . .
>
> So you're not eligible for parole until you *serve seven and a half years of the sentence*; do you understand that?
>
> 44. The trial court then admonished [Petitioner] as follows:
>
> However, your lawyer is correct in saying that - - I think five of these are 3G offenses which would mean - - sexual performance of a child is also a 3G offense, which means *you must do half your sentence* before you can be considered for parole. Doesn't mean you're going to get out in half, but means *you have to do half before you may be considered.* Do you understand that, right?
>
> 45. [Petitioner] answered three times that he understood he would be required to serve one-half his sentence before being eligible for parole.
>
> 46. [Petitioner] answered that he still wished to proceed with his plea even after being advised he would have to serve one-half of his sentence before he was eligible for parole.
>
> 47. There is evidence that [Petitioner] was advised that he would have to serve half of his sentence before he was eligible for parole.

SHR01 146-47, ECF No. 17-4 (emphasis in original) (record citations omitted).

Based on those findings, the state habeas court entered the following legal conclusions:

40. Sexual assault of a child and sexual performance by a child are offenses described by "Section 3g(a)(l) . . . (H), . . . (J) . . . , Article 42.12, Code of Criminal Procedure."

41. "An inmate serving a sentence for an offense described by Section 3g(a)(l)(A), (C), (D), (E), (F), (G), (H), (I), (J), (K), (L), or (M), or (N), Article 42.12, Code of Criminal Procedure, . . . is not eligible for release on parole until the inmate's actual calendar time served, <u>without consideration of good conduct time</u>, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years."

42. [Petitioner] was properly advised that he would not be eligible for parole until he served one-half of his sentence.

43. [Petitioner] has failed to overcome the presumption that his plea was regular.

44. [Petitioner]'s plea was freely, voluntarily, and knowingly made.

*Id.* at 151-52 (emphasis added) (citations omitted).

Deferring to the state courts' factual findings, the state court's decision is not contrary to or an unreasonable application of United States Supreme Court precedent and is reasonable given the evidence before the court. In addition to Petitioner's in-court testimony and the trial court's admonishments, counsel filed an affidavit in the state habeas proceeding in which he specifically denied advising Petitioner that "he was eligible for parole when '. . . *both his flat time and good time equaled seven and one-half years*[,]'" and the state habeas court found counsel's affidavit credible. *Id.* at 139 (emphasis in original). Thus, the state court made a credibility determination in favor of counsel's affidavit and against the submitted affidavits of Petitioner's friend and family members. *Id.* at 122-23, 125, 131, 145. Findings of fact, including credibility determinations, made by a state court on competing affidavits regarding a claim of ineffective assistance of counsel must be presumed correct unless the petitioner presents clear and convincing evidence to the contrary. *See*

*Gregory v. Thaler,* 601 F.3d 347, 353 (5th Cir. 2010); 28 U.S.C. § 2254(e)(1). As previously noted, Petitioner presents no such evidence.

A defendant's solemn declarations in open court are presumed true, and a defendant generally may not recant sworn testimony made at a plea proceeding. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). Petitioner reinforced the presumption by executing the written plea admonishments acknowledging that he was aware of the consequences of his pleas; that his pleas were "knowingly, freely, and voluntarily entered"; that no one "threatened, coerced, forced, persuaded or promised" him anything in exchange for his pleas; and that counsel "provided [him] fully effective and competent representation." SHR01 199, ECF No. 17-4.

**2. Ineffective Assistance of Counsel**

In one or more grounds, Petitioner claims that he received ineffective assistance of trial counsel. Pertaining to his three convictions for employing, authorizing, or inducing a child for sexual performance, Petitioner claims counsel was ineffective by failing to investigate the facts of the case and by failing to file a motion to suppress evidence obtained from his cell phone as a result of an illegal search and seizure. A valid guilty plea waives all non-jurisdictional defects preceding the plea, including ineffective-assistance-of-counsel claims, unless the ineffective-assistance claim affects the voluntary nature of the plea. *Smith v. Estelle,* 711 F. 2d 677, 682 (5th Cir. 1983). Deferring to the state courts' finding that Petitioner's guilty pleas were "freely, voluntarily, and knowingly made," these claims regarding matters preceding the pleas are waived.

Lastly, Petitioner asserts that trial counsel was ineffective by failing to call witnesses and to present mitigation evidence at sentencing or advise Petitioner of his right to do so. However,

Petitioner acknowledged in open court that witnesses were present to testify on his behalf, that he was aware that he "could go forward with [the sentencing] hearing if [he] wanted to," and that he did not want to proceed with the hearing, having decided at the last minute to accept the state's plea offer. SHR01 160-63, ECF No. 17-4. Furthermore, counsel averred in his affidavit that he had character witnesses on hand to testify on Petitioner's behalf, including "[Petitioner]'s Mother and Father, a Psychiatrist and a Psychologist, and a close friend." *Id.* at 139. The state habeas court entered factual findings consistent with Petitioner's testimony and counsel's affidavit and concluded that counsel properly advised Petitioner of his right to call witnesses at his punishment hearing and was prepared to do so. *Id.* at 17-4. The state court's decision was reasonable given the evidence before the court.

## VI. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 6th day of December, 2018.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE